UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

NATIONWIDE MUTUAL FIRE INSURANCE
COMPANY,

      Plaintiff,

v.               Case No. 5:08-cv-142-Oc-10GRJ

DOUGLAS WAYNE MYERS, TRIANGLE
COMMUNITY CHURCH, INC., S.E., and C.E.,
a minor by and through his natural guardian,
S.E.,

      Defendants.
_____

## ORDER

Pending before the Court is Defendants, S.E., and C.E.'s, Motion to Stay (Doc. 8) to which Plaintiff has filed a response in opposition. (Doc. 9.) For the reasons discussed below, Defendants, S.E., and C.E.'s, Motion to Stay is due to be **DENIED**.

### *I. BACKGROUND*

This action arises out of a suit filed by Defendants, S.E. and C.E., on June 28, 2007 in the Fifth Judicial Circuit in and for Lake County, Florida, against Defendants Douglas Wayne Myers ("Myers") and Triangle Community Church, Inc. ("Triangle, Inc."), as well as additional parties not joined in the instant matter (hereinafter the "state court action.")[1] In their Second Amended Complaint, S.E. and C.E. allege that Myers was a pastor retained as a "Church Planting and Revitalization Specialist" by the Florida

---

[1] S.E. & C.E. v. Myers et al., 2007 CA 001353.

Baptist Convention and the Lake County Baptist Association.[2]   Defendant, Triangle Community Church was one of the churches planted by Myers in Lake County.  It is alleged that Myers used his position as pastor of Triangle Community Church to get close to C.E., a minor, and his family.  It is further alleged that beginning in July 2005, Myers sexually assaulted C.E.  On February 24, 2006, Myers was arrested on charges of lewd and lascivious battery.  On January 3, 2007, Myers pleaded guilty and was sentenced to seven years in prison.  S.E. and C.E. seek damages for injuries arising out of Myers sexual assault of C.E. and include counts against Myers for sexual assault (Count I), battery (Count II), and intentional infliction of emotional distress (Count III) and counts against Triangle, Inc. for negligent hire (Count IV), negligent supervision and retention (Count V), and respondeat superior/ vicarious liablity (Count VI) and breach of fiduciary duty against both Myers and Triangle, Inc. (Count VII).

Nationwide Mutual Fire Insurance Company ("Nationwide") had issued a Blanket Protector policy to Triangle Community Church. for the policy period of February 20, 2005 to February 20, 2006.[3]   Nationwide assumed the defense of Triangle, Inc. and Myers in the state action but reserved its right to contest coverage.

Nationwide then commenced this action seeking a declaration that it has no duty to defend or indemnify Triangle, Inc. and Myers in the state court action. (hereinafter "declaratory action.")[4]    Nationwide has several theories based on the policy language

---

[2] A copy of the Second Amended Complaint is attached as Exhibit B to Doc. 1.

[3] See Doc. 1, Exhibit A.

[4] Nationwide also included S.E. and C.E. as parties in the instant matter even though they are neither parties nor beneficiaries of the Nationwide policy so that S.E. and C.E.  "will be bound by this
(continued...)

as to why it is not obligated to defend or indemnify these defendants. Specifically, Nationwide contends it has no duty to defend or indemnify based on the failure of the claims to assert an occurrence; the applicability of the intentional act exclusion; the public policy of the State of Florida; the failure of the allegations to assert damages arising out of counseling activities so as to trigger coverage under the Religious Institutions Endorsement; the applicability of the exclusions under the Religious institutions Endorsement for liability resulting from any actual or alleged conduct of a sexual nature, injury arising out of the willful violation of a penal statute or ordinance committed by or with the knowledge or consent of any insured and any dishonest, fraudulent or criminal act or omission of any insured; and the applicability of the abuse or molestation exclusion.[5]

S.E. and C.E. have filed the instant motion to stay this action pending the outcome of the underlying state court action. According to Defendants, the motion to stay was filed "so as to avoid unnecessary and duplicative discovery and expense inherent where two pending suits seek [to] adjudicate virtually identical core facts in separate actions."[6] Nationwide has filed a response in opposition.

---

[4](...continued)
Court's decisions regarding [Plaintiff's] duty to defend and indemnify Myers and Triangle, Inc." See Doc. 9 p. 5; see also Allstate Ins. Co. v. Conde, 595 So. 2d 1005, 1008 (Fla. Dist. Ct. App. 1992) (finding that an insurance coverage determination is binding on the injured party only if the injured party was a party in the declaratory judgment action).

[5] Doc. 9 at page 4.

[6] Doc. 8 at page 2.

## II. *DISCUSSION*

A district court enjoys substantial latitude in deciding to stay or dismiss a declaratory judgment action in deference to a state action.[7] The Eleventh Circuit has emphasized that "federalism, efficiency, and comity" require district courts to balance federal and state interests in determining how to exercise their discretion to hear a declaratory judgment action when confronted with a parallel state action.[8] The Eleventh Circuit provided several non-exclusive factors to consider:

1. The strength of the state's interest in having the issues raised in the federal declaratory action decided in the state courts;

2. Whether the judgment in the federal declaratory action would settle the controversy;

3. Whether the federal declaratory action would serve a useful purpose in clarifying the legal relations at issue;

4. Whether the declaratory remedy is being used merely for the purpose of "procedural fencing" – that is, to provide an arena for a race for *res judicata* or to achieve a federal hearing in a case otherwise not removable;

5. Whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction;

6. Whether there is an alternative remedy that is better or more effective;

7. Whether the underlying factual issues are important to an informed resolution of the case;

---

[7] United Rentals, Inc.v. Auto-Owners Insurance Co., 2007 WL 2695822 (M.D. Fla. 2007)(quoting Wilton v. Seven Falls Co., 515 U.S. 277, 290 (1995.))

[8] Ameritas Variable Life Insurance Co. v. Roach, 411 F.3d 1328, 1331 (11th Cir. 2005.)

8. Whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and

9. Whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action.

The Eleventh Circuit emphasized that these factors are merely guideposts – they are neither absolute nor is any one factor controlling.[9]

As an initial matter, due to the length of time that has transpired since the motion was filed, Defendants effectively have been granted a stay in this action. Indeed, Plaintiff filed this declaratory action on April 7, 2008 (Doc.1) and Defendants filed their Motion To Stay on August 22, 2008. (Doc. 8.) There has been no further activity on the docket. Meanwhile, discovery has been ongoing in the state court action and at least one summary judgment motion has been filed. At this point, weighing the factors outlined above, the Court finds no compelling reason to stay this action further.

The controversy in the instant case is one of insurance coverage. Plaintiff seeks a declaration that it has neither a duty to defend nor a duty to indemnify defendants in the underlying state court action. These coverage issues are not raised in the state court action and Nationwide is not a party to that action.

Florida courts have recognized consistently that insurance carriers are entitled to determine coverage obligations early in the litigation. The Florida Supreme Court has explained:

---

[9] See id.

> A prompt determination of coverage potentially benefits the insured, the insurer and the injured party. If coverage is promptly determined, an insurance carrier is able to make an intelligent judgment on whether to settle the claim. If the insurer is precluded from having a good faith issue of coverage expeditiously determined, this interferes with early settlement of claims. The plaintiff certainly benefits from a resolution of coverage in favor of the insured. On the other hand, if coverage does not exist, the plaintiff may choose to cut losses by not continuing to litigate against a defendant who lacks insurance coverage.[10]

A threshold inquiry in this declaratory action is whether Nationwide has a duty to defend in the underlying state action. Florida law governs the duty to defend in this diversity action.[11] A court's analysis of the duty to defend is limited to the allegations in the underlying complaint. The central inquiry is whether the complaint, "alleges facts that fairly and potentially bring the suit within policy coverage."[12] Thus, in determining whether Nationwide has a duty to defend, this Court will not be called upon to resolve factual disputes; but rather, this Court must make a legal determination – i.e. interpret the Nationwide policy and then compare the policy to the allegations of the Second Amended Complaint. As such, there will be no overlap with the state court action.

Unlike the duty to defend, the duty to indemnify is based on the actual facts of the case. "Because an insurer's duty to indemnify is dependent on the outcome of the case, any declaration as to the duty to indemnify is premature unless there has been a resolution of the underlying claim."[13] However, the Court need not consider whether it

---

[10] Higgins v. State Farm Fire And Casualty Co., 894 So.2d 5, 15 (Fla. 2005)(quoting Britamco Underwriters, Inc. v. Central Jersey Investments, Inc., 632 So.2d 138, 141 (Fla. 4th DCA 1994)).

[11] See Hartford Ace & Indent. Co. v. Beaver, 466 F.3d 1289, 1291 (11th Cir. 2006.)

[12] Id. at 1292 (quoting Jones v. Florida Ins. Guar. Ass'n, 908 So.2d 435, 442 (Fla 2005)).

[13] Northland Casualty Co. v. HBE Corp., 160 F.Supp.2d 1348, 1360 (M.D. Fla. 2001).

6

would be appropriate to stay this action pending resolution of the underlying claim. Indeed, as a practical matter, this declaratory action has been stayed effectively for the past year while the state action has progressed; and thus, it is highly unlikely that this Court even would have the opportunity to rule on Nationwide's duty to indemnify before the underlying action has been resolved.

For the foregoing reasons there is no compelling justification to stay this action and, accordingly, Defendants, S.E., and C.E.'s, Motion to Stay (Doc. 8) is **DENIED**.

**IT IS SO ORDERED.**

**DONE AND ORDERED** in Ocala, Florida, on March 31, 2009.

*[Signature]*
GARY R. JONES
United States Magistrate Judge

Copies to:

All Counsel